**BOROUGH OF MORRISVILLE et al.**

v.

**DELAWARE RIVER BASIN COMMISSION.**

Civ. A. No. 74–1226.

United States District Court,
E. D. Pennsylvania.

Aug. 8, 1974.

Lawrence Sager, Sager & Sager, Pottstown, Pa., for plaintiffs.

John R. Sutton, Asst. U. S. Atty., Philadelphia, Pa., William Miller, Princeton, N. J., for defendant.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

In this action a number of communities who depend upon the Delaware River Basin Commission for their water supply are attempting to prevent that agency from imposing a charge for the water. Plaintiffs contend that the Commission lacks authority under the Delaware River Basin Compact to impose charges on water supplied to plaintiffs, that such charges are unequally applied in violation of the Water Supply Act of 1958, 43 U.S.C. § 398 et seq., and that in failing to issue an environmental impact statement on the possible effects of imposing a water charge the Commission violated the National Environmental Policy Act, (NEPA), 42 U.S.C. § 4332(C).[1] Plaintiffs also contend that the Commission's action violates the Federal Water Pollution Control Act Amendments of 1972, 33 U.S.C. § 1251 et seq. Defendant has moved to dismiss the complaint under Rule 12(b) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue and failure to state a claim upon which relief could be granted. Defendant's motion is granted as to each of plain-

tiff's claims except the one based upon NEPA, and they are dismissed with leave to amend the complaint to correct the jurisdictional defects discussed below.

### I. Subject Matter Jurisdiction.

Plaintiffs allege that this court has jurisdiction over their claims by reason of the National Environmental Policy Act of 1969, the federal question jurisdiction statute, 28 U.S.C. § 1331(a), the mandamus jurisdiction statute 28 U.S.C. § 1361, the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Administrative Procedure Act, 5 U.S.C. § 701 et seq. The majority of these alleged jurisdictional bases can be dealt with summarily. The National Environmental Policy Act of 1969 does not in itself create jurisdiction; it merely creates a cause of action for which jurisdiction must be found in another statute. Likewise the Declaratory Judgment Act merely creates a cause of action and in no way establishes that this cause of action may be brought in federal court in the absence of a statute specifically conferring jurisdiction. Volkswagen de Puerto Rico, Inc. v. Puerto Rico Labor Relations Board, 454 F.2d 38 (1st Cir. 1972); Groundhog v. Keller, 442 F.2d 674 (10th Cir. 1971). Nor can plaintiffs found their claims upon the federal question jurisdictional statute, since they have failed to plead that the amount in controversy exceeds $10,000 for themselves and for each and every member of the class which they seek to represent.

In their opposition to defendant's motion to dismiss plaintiffs argue that since their complaint raises a question concerning a federal statute regulating interstate commerce, this Court has original jurisdiction regardless of the amount of controversy under 28 U.S.C. § 1337. However, plaintiffs' com-

1. The Executive Director of the Commission made a "negative declaration" that the fees would have not "significantly affect the quali-

ty of the human environment", 42 U.S.C. § 4332(C), and that therefore no environmental impact statement was required.

plaint does not allege jurisdiction based on this statute, and a subsequent brief cannot be used to cure this defect.

Plaintiffs cite the Administrative Procedure Act as an alternative basis of jurisdiction. It must be said at the outset that the only one of plaintiffs' claims which the APA would support is their NEPA claim, since none of the other statutes which the Commission allegedly violated set forth procedural requirements which the Commission must follow. At least one district Court in this circuit has held that the APA is a proper basis of jurisdiction for a NEPA claim. Pennsylvania Environmental Council Inc. v. Bartlett, 315 F.Supp. 238 (M.D.Pa.1970) (Nealon, J.); Harrisburg Coalition Against Ruining Environment v. Volpe, 330 F.Supp. 918 (M. D.Pa.1971) (Nealon, J.). However, the Third Circuit has generally not recognized the APA as a jurisdictional statute. Richardson v. United States, 465 F.2d 844 (3rd Cir. 1972), (en banc) cert. den., 410 U.S. 955, 93 S.Ct. 1420, 35 L.Ed.2d 688 (1973); Zimmerman v. United States, 422 F.2d 326 (3rd Cir. 1970); cert. den. 399 U.S. 911, 90 S.Ct. 2200, 26 L.Ed.2d 565, reh. den. 400 U.S. 855, 91 S.Ct. 26, 27 L.Ed.2d 93 (1970). The Third Circuit's negative reading of the jurisdictional effect of the APA may have been overruled *sub silencio* by the Supreme Court case of Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971), where no other basis for federal jurisdiction except the APA was stated. See Sansom Committee v. Lynn, 366 F. Supp. 1271 (E.D.Pa.1973). However, it is not necessary to resolve this question at this time since jurisdiction for plaintiffs' NEPA complaint can be properly founded upon the federal mandamus statute.

■ Jurisdiction under the mandamus statute, 28 U.S.C. § 1361, is proper where the administrative action sought to be compelled or restrained is essentially ministerial rather than discretionary. In other words, where the action is clearly compelled by law, rather than being compelled by broad, general statutory language which leaves the action within the agency's discretion, then such action can be mandamused. United States v. Walker, 409 F.2d 477 (9th Cir. 1969). The procedures surrounding the preparation of a NEPA environmental impact statement have been held to be agency action which can be mandamused by the courts under 28 U.S.C. § 1361. Sansom Committee v. Lynn,[2] 366 F. Supp. 1271 (E.D.Pa.1973); Harlem Valley Transportation Assn. v. Stafford, 360 F.Supp. 1057 (S.D.N.Y., 1973).

■■ An agency is compelled to follow the NEPA procedures whenever it contemplates approving a "major federal action" which will "significantly affect the quality of the environment". 42 U.S.C. § 4332(2)(C). The decision as to which projects fall within the statute is not left to the agency's discretion but is a question of law for the courts to decide. Scherr v. Volpe, 336 F.Supp. 882 (W.D.Wis.1971). Therefore, plaintiffs have properly pled Section 1361 as a jurisdictional foundation for the NEPA claim. However, none of the other statutes which plaintiffs claim the defendant violated impose duties upon the defendant which are as clear and nondiscretionary as those imposed by NEPA, and therefore Section 1361 cannot support those claims. Those claims will be dismissed with leave to amend the complaint so as to secure any defects of pleading.

II. *Sufficiency of Venue.*

■ Defendant claims that venue in this district is improper under 28 U.S.C.

---

**2.** *Sansom Committee* incorrectly cited Harrisburg Coalition Against Ruining the Environment v. Volpe, 330 F.Supp. 918 (M.D. Pa.1971), as authority for the proposition that a NEPA claim could be based upon §

1361. *Harrisburg Coalition* did not reach this question since it found that jurisdiction was properly based upon the federal question jurisdiction statute and the APA.

§ 1391. Although the home office of the Delaware River Basin Commission is in Trenton, N.J., the Commission has authority and control over water resources located in New York, New Jersey, Delaware and Pennsylvania. This authority and control is exercised through such actions as the one complained of here. It is inconceivable that the defendant is not doing business in those four states within the meaning of 28 U.S.C. § 1391(c).

### III. *Failure to State a Claim.*

■ Defendant's principal challenge to the sufficiency of the complaint is that the complaint attacks a fee which has not yet been collected and that there is thus no case or controversy as required by Article III of the Constitution. But plaintiffs NEPA claim would state a valid cause of action even if the Commission had merely proposed the imposition of the charge, since that act requires the preparation of an environmental impact statement for "proposals for legislation and other major federal actions significantly affecting the quality of the human environment," 42 U.S.C. § 4332(C). In this case, as defendant admits, the Commission has already authorized the charge, and its implementation is merely awaiting the issuance of certain exemptions.

We have refrained from discussing whether plaintiffs' claims based on statutes other than NEPA state valid causes of action since these have been dismissed for lack of jurisdiction.

■ Defendant has also attacked the sufficiency of plaintiffs' cause of action by questioning the validity of plaintiffs' claim that they represent a class. The motion under Rule 12(b) to dismiss the complaint is not the proper vehicle for attacking the validity of plaintiffs' class action allegation. Such a challenge can properly be made when plaintiff moves for determination of class under Rule 45 of the Local Rules of Civil Procedure.