Evelyn C. BERNSTEIN

v.

NATIONAL LIBERTY
INTERNATIONAL
CORPORATION.

Civ. A. No. 74–2122.

United States District Court,
E. D. Pennsylvania.

Jan. 23, 1976.

As Amended April 7, 1976.

Daniel C. Cohen, Philadelphia, Pa., for plaintiff.

Matthew J. Broderick, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

BECHTLE, District Judge.

This is a civil rights action brought by plaintiff alleging that National Liberty International Corporation ("NLIC") terminated her employment for religiously discriminatory reasons, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.[1] Presently before the Court is plaintiff's motion for leave to file an amended complaint for purposes of: (1) restating more accurately plaintiff's allegations contained in the original complaint; (2) adding an additional count alleging sex discrimination; (3) adding two additional counts setting forth class action allegations concerning religious and sex discrimination; and (4) adding NLIC's parent corporation, National Liberty Corporation, as a party defendant. Also before the Court is plaintiff's motion for declaration of a class action pursuant to Fed.R.Civ.P. 23(b)(2).

Plaintiff was employed by NLIC from September 19, 1972, until she was discharged on July 18, 1973. On July 26, 1973, she filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging, inter alia, that she had been given work that she was not hired to perform and was falsely accused of not performing a certain work assignment. Plaintiff went on to state that the fact that she was Jewish must have been the underlying reason for the unfair treatment. On the first page of the charge, she checked the box labeled "Religious Creed" as the "Cause of Discrimination." On August 1, 1973, the EEOC notified plaintiff that it had deferred her

---

1. The Court notes that in the original complaint plaintiff also alleges a violation of 42 U.S.C. § 1981. This section gives all persons the equal benefit of all laws for the security of persons and property as is enjoyed by white citizens. Since this action involves religious and not racial discrimination, § 1981 does not appear to be applicable. Plaintiff's counsel, apparently reaching the same conclusion, has deleted any reference to § 1981 in the proposed amended complaint.

complaint to the Pennsylvania Human Relations Commission for the requisite period of 60 days, in accordance with 42 U.S.C. §§ 2000e–5(b) and 2000e–5(c).[2]

On January 17, 1974, plaintiff wrote to the EEOC stating that she believed that NLIC had also discriminated against her on the basis of sex and asked the EEOC to investigate sex discrimination as well as religious discrimination. She then filed a formal amended charge on April 12, 1974, setting forth these charges. This time plaintiff checked the box labeled "Sex" as the "Cause of Discrimination." On May 20, 1974, the EEOC sent plaintiff a statutory notice of her right to sue in the appropriate federal district court within 90 days of her receipt of the same notice, as required by 42 U.S.C. § 2000e–5(f)(1). Plaintiff's judicial complaint was filed on August 15, 1974.

One who alleges a violation of Title VII may not sue in a federal district court unless he has satisfied two jurisdictional prerequisites: timely filing of a charge of employment discrimination with the EEOC, and filing of suit in federal district court within 90 days after receiving the EEOC's statutory notice of the right to sue. *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). There is no question that the original complaint satisfied both these requirements. Defendant contends, however, that to "permit the addition of sex claims, allegations of retaliatory conduct, and new factual allegations" would run afoul of these prerequisites. Specifically, defendant contends that, in accordance with 42 U.S.C. § 2000e–5(e), all charges must be brought within 180 days of the alleged unlawful employment practice, and that the 90-day right-to-sue

period expired long before plaintiff filed her motion to amend the complaint.

 Both parties agree that plaintiff's amended charge was filed subsequent to the allotted 180 days. Defendant argues that the sex discrimination claim was not presented to the EEOC and, therefore, must be dismissed.[2a] Apparently, defendant's position is based on the fact that plaintiff checked the box labeled "Religious Creed" in her original charge of discrimination rather than the box labeled "Sex." We find no merit in this contention. The EEOC's relation-back regulation, 29 C.F.R. § 1601.11(b), provides that:

Notwithstanding the provisions of paragraph (a) of this section, a charge is deemed filed when the Commission receives from the person aggrieved a written statement sufficiently precise to identify the parties and to describe generally the action or practices complained of. *A charge may be amended to cure technical defects or omissions, including failure to swear to the charge, or to clarify and amplify allegations made therein, and such amendments relate back to the original filing date.* However, an amendment alleging additional acts of constituting unlawful employment practices not directly related to or growing out of the subject matter of the original charge will be permitted only where at the date of the amendment the allegation could have been timely filed as a separate charge. (Emphasis added.)

The failure to attach a legal conclusion, such as sexual discrimination, to the factual occurrences complained of has been interpreted to be a "technical defect" within the meaning of § 1601.11(b) and, as such, an amended charge remedying the defect relates back to the original filing date. In *Sanchez v. Standard*

---

2. *See* Exhibit 4 attached to Deposition of Evelyn C. Bernstein.

2a. The Court notes, alternatively, that § 2000e–5(e) allows a charge to be brought within 300 days of the alleged unlawful employment practice if, as is the case here, "the person aggrieved has initially instituted proceedings

with a State or local agency with authority to grant or seek relief from such practice . . . upon receiving notice thereof . . . ." Since plaintiff filed her amended charge on April 12, 1974, 268 days after she was discharged by NLIC, plaintiff's sex discrimination claim was properly presented to the EEOC.

*Brands, Inc.,* 431 F.2d 455 (5th Cir. 1970), the plaintiff filed a charge with the EEOC alleging sex discrimination and, after the applicable time period had run, filed an amended charge alleging discrimination on the basis of national origin as well as sex. In holding that the amended charge related back to the original filing date, the court pointed out that "the crucial element of a charge of discrimination is the *factual* statement contained therein" and not "the attachment of a legal conclusion to the facts alleged." *Id.* at 462 (original emphasis). The Third Circuit reached much the same conclusion in *Wetzel v. Liberty Mutual Insurance Company,* 511 F.2d 199, 202 (3d Cir. 1975), *vacated on other grounds,* ⸺ U.S. ⸺, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976), wherein the court refused to dismiss that portion of the judicial complaint relating to discriminatory claims not presented to the EEOC. The court was unmoved by plaintiffs' failure to check the "correct" box on the notice of charge form.

We agree that a charging party's failure to attach a particular legal conclusion to the underlying factual allegations contained in an original notice of charge is a "technical defect" which may be amended after the 180-day period. Thus, plaintiff's checking of the box labeled "Sex" on the amended notice of charge relates back to the filing of the original charge on July 26, 1973.

■■■ Defendant also objects to the proposed amended complaint because it impermissibly expands the scope of the original claim filed with the EEOC; that is, new factual allegations are made which include an allegation of retaliatory conduct by defendant. This argument has consistently been rejected by the courts. *See Sanchez v. Standard Brands, Inc., supra,* 431 F.2d at 464–467; *Ruhe v. The Philadelphia Inquirer,* slip op. at 4

(E.D.Pa. No. 72–2423, filed Feb. 11, 1975); *Scott v. University of Delaware,* 385 F.Supp. 937, 942–943 (D.Del.1974); and *Mack v. General Electric Company,* 329 F.Supp. 72, 77 (E.D.Pa.1971). These cases hold that the scope of a judicial complaint is defined not by the allegations in the EEOC charge, but by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. Applying this standard, the new factual allegations which plaintiff seeks to add in her proposed amended complaint might reasonably have been the subject of an EEOC investigation growing out of plaintiff's original charge of religious discrimination. Therefore, this Court has jurisdiction to hear these new factual allegations.

■■■ The next question presented is whether the proposed amended complaint would violate the requirement that suit must be filed within 90 days after receiving a right-to-sue letter. Since the 90-day period is in effect a statute of limitations, the proposed amended complaint, which was filed subsequent to that period, may only be allowed if it relates back to the original judicial complaint, which was filed within the requisite time period.[3] In order for an amendment to relate back, it must satisfy the standard set forth in Rule 15(c) of the Federal Rules of Civil Procedure, which states in pertinent part that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." There can be no question that the additions contained in plaintiff's proposed amended complaint, involving sex discrimination and new factual allegations, arose out of the same

---

**3.** Defendant contends that the EEOC never issued a right-to-sue letter regarding the sex discrimination claim. It is clear, however, that the May 20, 1974, right-to-sue letter covered both the religions *and* sex discrimination

charges. From January 17, 1974, until May 20, 1974, the EEOC had both claims before it and treated the entire matter as a single case, assigning it a single case number (TPA4–0107).

factual circumstances as the original complaint. The underlying basis for the action, employment discrimination, is still the same. Plaintiff merely wishes to amplify and state with greater particularity the details of the alleged discrimination. Furthermore, the fact that she now claims that she was discriminated against on the basis of her sex, as well as her religion, merely adds a new label and not a completely new cause of action. As mentioned above, a court must examine the underlying factual allegations, not the legal conclusion a plaintiff may attach to those facts. We are satisfied that the facts averred in the proposed amended complaint arise out of the same transaction as the original complaint. Therefore, this Court holds that the proposed amended complaint relates back to the original complaint and satisfies the 90-day time limit.[4]

■■ Plaintiff's motion to amend her complaint to add two additional counts setting forth class action allegations concerning religious and sex discrimination will also be allowed. Defendant contends that allowing the addition of the class action allegations violates the requirement of Rule 23(c)(1) of the Federal Rules of Civil Procedure that a decision on maintainability should be made "as soon as practicable after the commencement of an action," and the requirement

of Local Rule 45(c) of the Civil Rules of this Court that such a decision should be made "[w]ithin 90 days after the filing of a complaint in a class action." Even though plaintiff's motion to add class action allegations and motion for declaration as a class action were not filed until almost eight months after the filing of the original complaint, absent a showing of prejudice to defendant, a mere delay in seeking certification is not a ground for denying the motions. *Souza v. Scalone*, 64 F.R.D. 654, 656 (N.D.Cal.1974); *Feder v. Harrington*, 52 F.R.D. 178, 181–182 (S.D.N.Y.1970). Similarly, the Court is not required to deny the motion to amend simply because of a failure to comply with a local rule. *See Umbriac v. American Snacks, Inc.*, 388 F.Supp. 265, 272 (E.D.Pa.1975). Defendants claim, however, that the delay is "highly prejudicial" because plaintiff will be allowed to turn an individual action into a class action. Had plaintiff filed her original complaint as a class action, however, it would have been as prejudicial then as it is now. While every defendant, by being a defendant, is "prejudiced" thereby, this is hardly the type of prejudice that would convince this Court to deny the motion to amend which seeks to add class action allegations.

■ Concerning that portion of plaintiff's motion to amend which seeks

---

4. Defendant's final argument against allowing the sex discrimination allegation to be added is that allowing the amendment would be a useless act, as it could not withstand a motion to dismiss. Defendant reasons that, because the EEOC never investigated or attempted to conciliate the above-mentioned allegation, plaintiff failed to exhaust her administrative remedies. This reasoning misses the mark. In order to exhaust her administrative remedies, plaintiff need only timely file charges with the EEOC and receive and timely act upon the right-to-sue notice. *Wetzel v. Liberty Mutual Insurance Company, supra,* 511 F.2d at 202. Plaintiff has complied with both these jurisdictional prerequisites. The fact that the EEOC never actually investigated or attempted to conciliate plaintiff's sex discrimination claim has no legal relevance. The plaintiff's timely filing of charges gave the EEOC the *opportunity* to investigate and attempt conciliation regarding

sex discrimination; the EEOC's inaction cannot bar plaintiff's access to this Court. *See Miller v. International Paper Company,* 408 F.2d 283, 288–291 (5th Cir. 1969); *Scott v. University of Delaware,* 385 F.Supp. 937, 940–941 (D.Del.1974). Defendant also argues that the Pennsylvania Human Relations Commission ("PHRC") did not investigate or attempt to conciliate the sex discrimination charge. Since we have already held that the second charge relates back to the first charge, which was properly deferred to the PHRC for the required 60-day period, there was no need to defer the second charge. *Cook v. Mountain States Telephone and Telegraph Company,* 397 F.Supp. 1217, 1222–1223 (D.Ariz.1975). Therefore, in view of the fact that both the EEOC and PHRC had the sex discrimination charges properly before them, plaintiff has exhausted her administrative remedies.

to add NLIC's parent corporation, National Liberty Corporation ("NLC"), as a party defendant, it is clear that the Court need not grant a motion to amend if the complaint, as amended, could not withstand a motion to dismiss. *DeLoach v. Woodley*, 405 F.2d 496, 497 (5th Cir. 1968); *Sackett v. Beaman*, 399 F.2d 884, 892 (9th Cir. 1968); *Hodnik v. Baltimore & Ohio Railroad*, 54 F.R.D. 184, 186 (W.D.Pa.1972). Assuming, *arguendo*, that the addition of NLC would relate back to the original complaint,[5] the Court, for reasons more fully set out below, would have no jurisdiction over NLC. Therefore, the motion to amend the complaint to add NLC will be denied.

42 U.S.C. § 2000e–5(f)(1) provides, *inter alia*, that a civil action may only be brought against employers that are "named in the charge." This has been interpreted as a jurisdictional prerequisite and, as such, an employer may not be named as a defendant in a civil action unless it has been the subject of a prior charge before the EEOC. *Equal Employment Opportunity Commission v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1092 (6th Cir. 1974); *Evans v. Sheraton Park Hotel*, 164 U.S.App.D.C. 86, 503 F.2d 177, 181 (1974); *Bowe v. Colgate-Palmolive Company*, 416 F.2d 711, 719 (7th Cir. 1969). The reasons advanced for this charging requirement are twofold:

First, it notifies the charged party of the asserted violation. Secondly, it brings the charged party before the EEOC and permits effectuation of the Act's primary goal, the securing of voluntary compliance with the law. *Bowe v. Colgate-Palmolive Company*, *supra*, 416 F.2d at 719.

These policies are satisfied as long as the EEOC is given the opportunity to investigate and attempt to conciliate. *Miller v. International Paper Company*, 408 F.2d 283, 288–291 (5th Cir. 1969); *Scott v. University of Delaware*, 385 F.Supp. 937, 940–941 (D.Del.1974).

The record reveals that no charge of discrimination against NLC was ever filed by plaintiff with the EEOC. Plaintiff contends, however, that her correspondence with the EEOC indicates that she intended that her charge relate to NLC as well as NLIC. While it is true that plaintiff, in her January 17, 1974, letter to the EEOC requesting it to amend her original charge of discrimination, did refer to NLC, this does not show that she intended to charge NLC. The letter states, in part, that "[o]n or about August 1, 1973 I filed a charge of discrimination with EEOC against National Liberty Corporation, Frazer, Pa." An examination of the original charge discloses that in the space which asks the charging party to "List the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, State or Local Government Who Discriminated Against You (If more than one, list all)," plaintiff only listed NLIC. In addition, when plaintiff filed her formal amended charge on April 12, 1974, she again only

---

5. In order for the amendment adding NLC to relate back to the original complaint, it must satisfy the requirements of Fed.R.Civ.P. 15(c), which states in pertinent part that:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. The Court notes that NLC did not know, nor should it have known, that plaintiff contemplated bringing an action against it. NLC was not apprised of that fact until March 12, 1975, when it was served with plaintiff's motion to amend the complaint. (*See* Affidavit of James D. Elliot, Vice President, Employee Relations-National Liberty Corporation, attached to Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File an Amended Complaint.)

mentioned NLIC as the employer who discriminated against her. Thus, her reference to NLC in her informal request to amend was a mistake and in no way alerted the EEOC that she was charging NLC as well as NLIC. Moreover, in the space which calls for an explanation of "what unfair thing was done to you," plaintiff in neither formal charge set forth factual allegations stating that NLC, as well as NLIC, was discriminating against her. The record also indicates that the EEOC mailed a "Notice of Charge of Employment Discrimination" after plaintiff filed her original charge and again after she filed the amended charge. Each notice was addressed to "Chief Executive Officer" of the National Liberty International Corporation. Therefore, not only is it clear that the EEOC never actually investigated or attempted to conciliate any charges against NLC, but it is also clear that the EEOC never had an *opportunity* to do so as there were no factual allegations against NLC upon which to base an investigation. Finally, there is nothing in the record to indicate that NLC received notice that it had allegedly violated plaintiff's civil rights, obviously because there was never any asserted violation filed against it by plaintiff.[6]

Defendant's citation of *Hairston v. McLean Trucking Company*, 62 F.R.D. 642 (M.D.N.C.1974), *vacated on other grounds*, 520 F.2d 226 (4th Cir. 1975), does not persuade this Court to hold otherwise. *Hairston* addressed the question of whether the court had jurisdiction over a *subsidiary* which had not been charged in the plaintiffs' EEOC complaints along with the corporate parent. In holding that it did have jurisdiction over the subsidiary, the court found that one of the plaintiffs wrote in his complaint filed with the EEOC that he was an employee of both the parent and subsidiary corporations. More importantly, unlike the case at hand, the EEOC *actually* investigated the subsidiary, allowing it sufficient opportunity to defend itself and participate in any conciliation efforts. *Id.* at 661.

Having determined, therefore, that plaintiff's motion to amend to add NLC as a party defendant cannot withstand a motion to dismiss due to the above-mentioned jurisdictional impediment, the Court will deny that motion to amend.

■■ The final issue before the Court is plaintiff's motion for declaration of a Rule 23(b)(2) class action. She seeks to represent all Jewish persons and all women who are, have been, or may in the future be limited, classified, or otherwise discriminated against by NLIC and NLC so as to deprive them of equal employment opportunities. Obviously, plaintiff may not represent employees of NLC, as NLC will not be joined as a party defendant. Therefore, the proposed class would be limited to employees of NLIC. In light of that fact, plaintiff has not satisfied the numerosity requirement of Rule 23(a)(1). Therefore, the motion for declaration of a class action will be denied.

In order to fulfill the requirement of Rule 23(a)(1), it must be shown that "the class is so numerous that joinder of all members is impracticable." NLIC employs 17 people, 7 of whom are women,[7] and a small number of whom are

---

**6.** At page 15 of Plaintiff's Reply Memorandum in Support of Motion for Leave to File an Amended Complaint, plaintiff sets out numerous reasons as to why NLC must have known that it was the target of plaintiff's charges with the EEOC, the most important of which is that, since NLC is NLIC's parent corporation, it must have been aware that the charge was directed at the entire corporate structure. We do not agree. The important question is whether NLC received notice that *it* was the subject of an investigation, not whether its subsidiary was under investigation. The latter type notice is not sufficient to satisfy the requirement that the charged party receive notice of the asserted violation as set out in *Bowe v. Colgate-Palmolive Company, supra. See Hardy v. Bucyrus-Erie Company*, 398 F.Supp. 64, 67–68 (E.D.Wis.1975); *Scott v. University of Delaware, supra*, 385 F.Supp. at 942.

**7.** *See* Affidavit of J. B. Love, President of National Liberty International Corporation, at-

Jewish.[8] It is clear that the class action device need not be utilized for so few possible members. Plaintiff contends, however, that the class would include not only present employees, but past employees and those who might apply in the future. Given the small size of NLIC, even taking into account past and future members, the proposed class would not be so unwieldy as to preclude the use of appropriate joinder procedures.

tached to Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Class Action Designation.

8. *See* Deposition of Plaintiff Evelyn C. Bernstein at 49–50.