### William H. PENDLETON and Franne Nelson

v.

### TRANS UNION SYSTEMS CORP., t/a Philadelphia Credit Bureau, and t/a Credit Information Corporation and The Federal Trade Commission.

### Civ. A. No. 76–1298.

United States District Court, E. D. Pennsylvania.

March 22, 1977.

---

Wilbur Greenberg, Gary Green, Sidkoff, Pincus & Greenberg, Philadelphia, Pa., for plaintiffs.

Robert J. Lewis, Gen. Counsel, Gerald P. Norton, Deputy Gen. Counsel, Gerald Harwood, Asst. Gen. Counsel, William A. Horne, Federal Trade Commission, Washington, D. C., David W. Marston, U. S. Atty., Kenneth A. Ritchie, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

The plaintiffs filed this action on behalf of all individuals damaged as a result of violations of the Consumer Credit Protection Act by Trans Union Systems Corporation. In addition to suing Trans Union, the plaintiffs sued the Federal Trade Commission, (FTC) in order to compel that agency to enforce the provisions of the Consumer Credit Protection Act. The FTC then filed a Motion to Dismiss the complaint as to it on the basis of lack of subject matter jurisdiction and failure to state a claim on which relief can be granted. The FTC raised four arguments in support of its motion: (1) plaintiffs failed to name any individuals against whom a writ of mandamus could issue; (2) the Commission could not be compelled to exercise its discretionary powers of investigation and prosecution; (3) the plaintiffs' mandamus action is barred by sovereign immunity; (4) the FTC is not subject to suit *Eo Nomine.* In response to the FTC's motion to dismiss, the plaintiffs moved for leave to file an amended complaint, which would cure the deficiencies pointed out by the FTC's first and fourth arguments. However, since I am persuaded that both the original complaint and the proposed amended complaint fail to state a claim on which relief can be granted, I will deny the plaintiffs' motion for leave to amend, and grant the FTC's motion to dismiss.

The plaintiffs in this case seek to compel the Commissioners of the FTC to investigate the Trans Union Systems Corporation to correct violations of the Consumer Credit Protection Act, or at least to compel the Commissioners to exercise their discretion as to what enforcement is appropriate against Trans Union. The relief sought by the plaintiffs—mandamus—is appropriate only where there has been an abuse of discretion or where a clear duty has not been performed. See *Grant v. Hogan,* 505 F.2d 1220 (3d Cir. 1974); *In Re Wingreen Company,* 412 F.2d 1048 (5th Cir. 1969); *Borough of Morrisville v. Delaware River Basin Commission,* 382 F.Supp. 543 (E.D.Pa. 1974). As this Court stated in *Borough of Morrisville, supra:*

"[Mandamus] is proper where the administrative action sought to be compelled or restrained is essentially ministerial rather than discretionary. In other words, where the action is clearly compelled by law, rather than being compelled by broad, general statutory language which leaves the action within the agency's discretion, then such action can be mandamused." 382 F.Supp. at 546.

In this case, the plaintiffs cannot point to any narrow, clearly defined duty which has not been performed. The most relevant statutory provisions are as follows:

15 U.S.C. *§ 1607 Administrative enforcement—Enforcing agencies*

. . . . .

Federal Trade Commission as Overall Enforcing Agency

(c) Except to the extent that enforcement of the requirements imposed

under this subchapter is specifically committed to some other Government agency under subsection (a) of this section, the Federal Trade Commission shall enforce such requirements. . . . All of the functions and powers of the Federal Trade Commission under the Federal Trade Commission Act are available to the Commission to enforce compliance by any person with the requirements imposed under this subchapter . . . .

15 U.S.C. § 1681s Administrative enforcement—Federal Trade Commission; powers

(a) Compliance with the requirements imposed under this subchapter shall be enforced under the Federal Trade Commission Act by the Federal Trade Commission with respect to consumer reporting agencies and all other persons subject thereto, except to the extent that enforcement of the requirements imposed under this subchapter is specifically committed to some other government agency under subsection (b) hereof. . . The Federal Trade Commission shall have such procedural, investigative, and enforcement powers, including the power to issue procedural rules in enforcing compliance with the requirements imposed under this subchapter and to require the filing of reports, the production of documents, and the appearance of witnesses as though applicable terms and conditions of the Federal Trade Commission Act were part of this subchapter. . . .

These statutory provisions do not create the kind of clear-cut duty that can properly be the subject of mandamus. In general, these statutes are concerned with the power of the FTC to enforce the Consumer Credit Protection Act, not with any duty to enforce that act. In our legal system, powers of enforcement are broadly discretionary.

The United States Supreme Court has noted the FTC's broad discretion to establish its own enforcement policy:

"Furthermore, the Commission alone is empowered to develop that enforcement policy best calculated to achieve the ends contemplated by Congress and to allocate its available funds and personnel in such a way as to execute its policy efficiently and economically."

Moog Industries, Inc. v. Federal Trade Commission, 355 U.S. 411, 413, 78 S.Ct. 377, 379, 2 L.Ed.2d 370 (1958).

Because enforcement is essentially discretionary, courts repeatedly have refused to require prosecutors or agencies to investigate particular alleged violations or institute proceedings against certain persons. See Inmates of Attica Correctional Facility v. Rockefeller, 477 F.2d 375 (2d Cir. 1973); National Anti-Vivisection Society v. Federal Communications Commission, 234 F.Supp. 696 (N.D.Ill.1964). These cases reflect the judiciary's reluctance to interfere with the discretion of the executive department. Even statutory language stating that compliance with the Act shall be enforced by the FTC is not sufficient to withdraw the usual prosecutorial discretion. See Inmates of Attica, supra, at 381. In their brief, the plaintiffs apparently have conceded that the FTC cannot be compelled to institute proceedings against Trans Union. Nevertheless, they contend that the FTC has taken no action whatsoever regarding Trans Union, and that the Commission can be required at least to exercise its discretion on the matter. This argument must be rejected. As noted by the Supreme Court in Moog Industries, supra, the FTC has very broad discretion in the area of enforcement, including discretion to allocate its funds and personnel as it sees fit. The agency's enforcement machinery obviously could be brought to a halt if the agency was required to launch an investigation every time it received a complaint.[1] Consequently, there is no affirmative obligation on the FTC to "exercise its discre-

---

1. I should note that the plaintiffs in this case have nowhere alleged that they or anyone else ever requested the FTC to investigate Trans Union Systems Corporation.

tion" concerning any particular possible violation. In fact, the FTC has exercised its discretion by establishing its enforcement program and deciding what matters should be investigated. A court has no authority for interfering with this discretion.[2]

Although the plaintiffs have cited several cases in which courts have required government officials to perform certain acts or exercise their discretion, all of these cases are distinguishable from this case. In *Commonwealth of Pennsylvania v. National Association of Flood Insurers,* 520 F.2d 11 (3d Cir. 1975), the Third Circuit held that the National Flood Insurance Act required the Secretary of Housing and Urban Development to consider what actions were necessary to publicize the flood insurance program. Unlike the broad, discretionary obligation to enforce that is involved in this case, the statute in *Flood Insurers* clearly required the Secretary to perform a particular act, namely to take such action as may be necessary to publicize the flood insurance program.[3] This obligation could be the subject of mandamus relief because it was "so plainly prescribed as to be free from doubt." 520 F.2d at 25. Similarly, the court's holding in *Legal Aid Society of Alameda County v. Brennan,* 381 F.Supp. 125 (N.D.Cal.1974), was based on affirmative and mandatory language in statutes and regulations. The regulations set forth detailed non-discretionary requirements, and therefore the court could order that those requirements be fulfilled. The other cases relied on by the plaintiffs also involved narrow and clearly defined duties. See *Michigan Head Start Directors Association v. Butz,* 397 F.Supp. 1124 (W.D.Mich. 1975); *Ross v. Community Services, Inc.,* 396 F.Supp. 278 (D.Md.1975). Since the ac-

tion the plaintiffs are attempting to compel in this case is not plainly prescribed by statute or regulation, but is within the discretion of the FTC, mandamus relief cannot be granted. Therefore, the plaintiffs' claims against the FTC will be dismissed.

The plaintiffs' motion for leave to file an amended complaint must be denied for the same reasons. It is clear that a court need not grant a motion to amend, if the proposed amended complaint could not withstand a motion to dismiss. See *Bernstein v. National Liberty International Corp.,* 407 F.Supp. 709 (E.D.Pa.1976). In this case both the original complaint and the proposed amended complaint fail to state a claim on which relief can be granted, since this Court cannot direct the Commissioners of the FTC to investigate the Trans Union Systems Corporation.

---

**2.** The fact that the plaintiffs cannot compel the FTC to investigate Trans Union does not leave them without a remedy. The Consumer Credit Protection Act provides that consumer reporting agencies are liable to consumers for damages caused by violations of the Act, and this liability includes costs and attorneys fees incurred by successful consumer litigants. See 15 U.S.C. §§ 1681n, 1681o. The plaintiffs themselves have taken advantage of these provisions in the present action.

**3.** 42 U.S.C. § 4020 provides as follows:

"The Secretary shall from time to time take such action as may be necessary in order to make information and data available to the public and to any State or local agency or official, with regard to—

(1) the flood insurance program . . .