Kathleen ZICHY and Jane E. Schofer

v.

CITY OF PHILADELPHIA.

Civ. A. No. 72–1810.

United States District Court,
E. D. Pennsylvania.

Dec. 16, 1977.

Susan C. Nicholas, Alice M. Price, Harriet N. Katz, Women's Law Project, Philadelphia, Pa., for plaintiffs.

John M. McNally, Jr., Asst. City Sol., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

Originally, plaintiffs brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* and the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging that the defendants discriminated against them on the basis of sex by denying them use of accrued sick leave for maternity-related absences. On March 19, 1975, this Court entered summary judgment in favor of the plaintiffs. Defendants appealed from this order. As the Supreme Court rendered its decision in *General Electric v. Gilbert,* 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976), during the time that this case was pending appeal, the Court of Appeals for the Third Circuit reversed this Court's judgment, and remanded the case for consideration of plaintiffs' motion to amend the pleadings. While recognizing that it is unfortunate that the plaintiffs are caught in the wake of the *Gilbert* decision, this Court feels compelled to deny the plaintiffs' motion to amend.

The plaintiffs seek to amend their complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure to add a claim of discrimination under the Pennsylvania Human Relations Act, 43 Pa.S. § 955. While Rule 15 provides that leave to amend the complaint "shall be freely given when jus-

tice so requires," limitations have been placed on this policy of liberality. The Supreme Court in *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), described the permissible reasons for denying a motion to amend as:

> ". . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, *futility of amendment,* etc." *Id.* at 182, 83 S.Ct. at 230 (emphasis added).

While some of the other considerations enunciated in *Foman* may be present here, this Court rests its denial of plaintiffs' motion on the last factor mentioned—futility of amendment. This Court in *Pendleton v. Trans Union Systems Corp.,* 430 F.Supp. 95 (E.D.Pa.1977), and other courts within this district, *see, e. g., Bernstein v. National Liberty International Corp.,* 407 F.Supp. 709 (E.D.Pa.1976), have held that

> "It is clear that a court need not grant a motion to amend, if the proposed amended complaint could not withstand a motion to dismiss." *Pendleton v. Trans Union System Corp.,* 430 F.Supp. 95, 98 (E.D. Pa.1977).

If plaintiffs were permitted to amend their complaint to add a claim of discrimination under the Pennsylvania Human Relations Act, this Court would dismiss the complaint for lack of jurisdiction. As there would be no independent basis for federal court jurisdiction, the only way this Court could obtain jurisdiction over this state law claim would be on a theory of pendent jurisdiction. When a court is requested to take pendent jurisdiction over a state law question, there are two questions that must be answered. One question is a question of power and the other question is one of discretion.

Addressing the question of power first, this Court doubts whether it would have the power to assume pendent jurisdiction over the state law claim. A federal court has the power to hear a state law claim when substantial federal issues exist and the plaintiff's claims, without regard to their federal or state character, "are such that he would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). At this point, the federal claims in this litigation have been dismissed by the Court of Appeals; thus, it would seem that there are no substantial federal claims which could be tied to the state law claims. Under the mandate of *Gibbs,* the non-existence of the state law claims might lead to the conclusion that the Court does not have the power now to assume jurisdiction over the state law claims. The present case before this Court appears to involve a very different situation than the one where a federal court originally assumes pendent jurisdiction over a state law claim on the basis that there exists a related substantial federal claim and then, later in the action, the federal claim is dismissed. In that type of case, it seems that the court, indeed, would have the power to retain the state law claim. *Rosado v. Wyman,* 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970).

However, this Court will not resolve the issue of power and rather will rest its decision on the discretionary part of the pendent jurisdiction analysis. As the Supreme Court recognized in *Gibbs,* the doctrine of pendent jurisdiction is a doctrine of discretion, and not one of plaintiff's right. 383 U.S. at 726, 86 S.Ct. 1130. This Court refuses to exercise that discretion for two reasons. First, given that the federal claims have been dismissed, this Court finds that the policies underlying the doctrine of pendent jurisdiction would not be served if this Court assumed pendent jurisdiction over the plaintiffs' state law claims. The Supreme Court in *Gibbs* advised that with regard to pendent jurisdiction,

> "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. *Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a juris-*

*dictional sense, the state claims should be dismissed as well."* *Id.* at 726, 86 S.Ct. at 1139. (emphasis added.)

Similarly, the Court in *Gibbs* noted that "Once it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage, the state claim may fairly be dismissed." *Id.* at 727, 86 S.Ct. at 1140.

As the federal claims here have been dismissed before the trial of the state law claims and as it is clear that the state law claims constitute the real body of the case, this Court holds that it will not exercise its discretion to assume jurisdiction over the plaintiffs' claims under the Pennsylvania Human Relations Act. In a case where the Court of Appeals reversed the district court's finding of violations of the federal securities laws, the Court of Appeals also dismissed the plaintiffs' state claims finding that pendent jurisdiction should not be assumed. *Tully v. Mott Supermarkets, Inc.,* 540 F.2d 187 (3rd Cir. 1976). There, the Court stated that,

"Notwithstanding the already substantial time devoted to the case and the expense incurred by the parties, we do not believe that the hallmark considerations of 'judicial economy, convenience and fairness to litigants' dictate that the pendent claims be entertained." *Id.* at 196.

In *Mattingly v. Elias,* 482 F.2d 526 (3rd Cir. 1973), the Court of Appeals, in a case similar to *Tully,* remarked that there was a substantial question of whether the district court could have properly exercised its discretion to assume pendent jurisdiction once the federal claims had been dismissed. Other courts in this Circuit which have ruled upon the question of whether state claims should be heard, once federal claims disappear from the action, have generally refused to allow pendent jurisdiction. *See, e. g., Township of Ridley v. Blanchette,* 421 F.Supp. 435 (E.D.Pa.1976); *Alleman v. T. R. W. Inc.,* 419 F.Supp. 625 (M.D.Pa.1976). Therefore, for the reasons already set forth, this Court believes it proper to refuse to take pendent jurisdiction over the plaintiffs' state law claims.

■ The second reason why this Court should not allow these state claims to enter this case is that the Pennsylvania law on this issue is unsettled. The plaintiffs claim that the defendants violated the Pennsylvania Human Relations Act when they refused to allow accrued sick leave to be applied to maternity-related absences. While the lower courts in Pennsylvania have found that this type of action violates the Pennsylvania statute, *see, e. g., Anderson v. Upper Bucks County Area Vocational Technical School,* 30 Pa.Cmwlth. 103, 373 A.2d 126 (1977), the Pennsylvania Supreme Court has not yet ruled upon the issue in light of *General Electric v. Gilbert,* 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976). Although *Gilbert,* obviously, does not control the decision that must be rendered by the Pennsylvania Supreme Court, it may, in fact, influence its outcome. The case is presently pending before the state court. As this Court stated in a similar situation,

If this Court were to find it had pendent jurisdiction over the plaintiffs' state law claims, and then to exercise such jurisdiction to decide those claims in advance of the Supreme Court of Pennsylvania, it would in effect be providing an advisory opinion on what it believed the state law of Pennsylvania should be, although this is usually framed in the more polite terms of putting forth what the deciding court thinks that the Supreme Court of Pennsylvania would decide. In a diversity case, with independent federal jurisdiction, this circumstance cannot always be avoided, but it is a legitimate consideration in deciding whether or not to exercise pendent jurisdiction." *Kinee v. Abraham Lincoln Federal Savings & Loan Ass'n,* 365 F.Supp. 975 (E.D.Pa. 1973).

In *Gibbs,* the Supreme Court also acknowledged that one of the factors that the district court should consider in rendering its decision on pendent jurisdiction was whether the state court had clearly resolved the relevant legal controversy. 383 U.S. at 726, 86 S.Ct. 1130. *See also Saltzman v. Zern,* 407 F.Supp. 49 (E.D.Pa.1976); *Marvasi v.*

*Shorty,* 70 F.R.D. 14 (E.D.Pa.1976). Given that the Pennsylvania Supreme Court has not yet decided whether the plaintiffs' claim states a cause of action under the Pennsylvania law, this Court finds another reason against assumption of pendent jurisdiction in this case.

In conclusion, as this Court would not exercise pendent jurisdiction over plaintiffs' state law claims, it will deny the plaintiffs' motion to amend their complaint without prejudice to their bringing their case into state court.