Juan HOMS

v.

Mary JOGAN, Elaine Jogan and Robert P. Barrett.

Civ. A. No. 28865.

United States District Court
E. D. Pennsylvania.

April 2, 1962.

Edward R. Becker, Becker & Becker, Philadelphia, Pa., for plaintiff.

George D. Sheehan, Murphy & Sheehan, Philadelphia, Pa., for defendant.

GRIM, Senior District Judge.

■■ The present case presents the question of whether there is diversity of citizenship between the parties for jurisdictional purposes. Defendants are citizens of Pennsylvania. Plaintiff claims to be a citizen of the Territory of Puerto Rico. If he is, the required diversity of citizenship exists: Detres v. Lyons Building Corp., 234 F.2d 596 (7th Cir. 1956). Diversity of citizenship having been challenged, it is plaintiff's burden to support the averment with competent proof by the preponderance of the evidence: McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). Evidence on the issue of citizenship in diversity cases may be considered by the court or by a jury at the court's discretion, Seideman v. Hamilton, 275 F.2d 224 (3d Cir. 1960). The question here is before the court on plaintiff's deposition.

■ Plaintiff testified that he was born in Puerto Rico and lived there until he came to Philadelphia in July, 1958. He said that he came here with the intention of staying a year or so and then returning, his purpose being to make enough money here to buy a home in Puerto Rico after he would return there. This hope was not realized. He is still living in Philadelphia.

When plaintiff came to Philadelphia he joined his wife, who had preceded him here by about a month. They lived together here with relatives. Plaintiff's wife returned to Puerto Rico in July, 1958 for a visit of about a month. Shortly before the accident in 1960, which brought on the present case, plaintiff purchased airplane tickets for a flight to Puerto Rico for his wife and two children who had been born here, but the accident upset the plans for that trip and the wife continued to remain here.

Plaintiff obtained a Pennsylvania automobile driver's license giving his Philadelphia address as his "actual address" (75 P.S. §§ 611, 612) in his license application. His driver's license was suspended. A friend promised him help in regaining his license if he would register to vote. He registered to vote and voted in Philadelphia in the fall of 1960 and the fall of 1961. However, the driver's license was not returned to him, so he changed his registration to the other political party.

There is something to be said for both sides here, but I believe that plaintiff's testimony is credible:

"* * * I came here for the purpose of staying here about a year or so and then return to the island.

"Q. Was that because you wanted to save money here or make money here?

"A. Yes * * *

"Q. If you had really made some money here, then would you have remained here and kept making the money?

"A. No I still had planned to return.

"Q. How much money did you want to make before you went back?

"A. As much as I could.

"Q. Did you make any money to save?

"A. Well, at the time of the accident, at the time that the accident occurred, I was making preparations to leave."

Plaintiff clearly was a citizen of Puerto Rico when he left there. His intention to return and not to change his permanent place of abode makes him still a resident of Puerto Rico. See Mitchell v. United States, 21 Wall. 350, 88 U.S. 350, 22 L.Ed. 584 (1874).

Defendant's motion to dismiss is denied.