**Lucille DUNCAN, Plaintiff,**

v.

**OFFICIAL DETECTIVE STORIES, INC.,** a corporation, Philadelphia, Pennsylvania.

Civ. A. No. 29719.

United States District Court E. D. Pennsylvania.

June 29, 1965.

Charles A. Lord, Paul R. Anapol, Richter, Lord, Toll & Cavanaugh, Philadelphia, Pa., for plaintiff.

Louis G. Hill, Dilworth, Paxson, Kalish, Kohn & Dilks, Philadelphia, Pa., for defendant.

GRIM, Senior District Judge.

The complaint in this action contains an averment that jurisdiction of the court is founded upon diversity of citizenship.

In the diversity of citizenship statute it is stated:

"(c) For the purposes of this * * * title a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. * * *" 28 U.S.C.A. § 1332(c).

In a suit such as the present one where an individual is suing a corporation, part of the suggested form for the averment of diversity jurisdiction as it is set forth in the suggested forms, in the appendix of the Federal Rules of Civil Procedure, is:

"Plaintiff is a [citizen of the State of Connecticut] and defendant is a corporation incorporated under the laws of the State of New York having its principal place of business in a State other than the State of Connecticut * * *."

Plaintiff attempts to aver diversity jurisdiction in her complaint. Paragraph 1 of the complaint avers that plaintiff is a resident and citizen of the State of Illinois. Paragraph 2 of the complaint avers that defendant, Official Detective Stories, Inc., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania and "is a citizen thereof with a registered office located at 400 N. Broad Street, Philadelphia." However, there is no averment as to where defendant's principal place of business is, nor is there an averment that defendant's principal place of business is in a State other than the State of Illinois. From the averments in the complaint alone, conceivably the principal place of the business of defendant might be in the State of Illinois and if that should be the fact this court would not have jurisdiction of this case.

In the case of Wymard v. McCloskey & Co. Inc., 342 F.2d 495, 497 (3d Cir. 1965), the Court of Appeals for the Third Circuit recently observed

" * * * that numbers of cases continue to come before us on appeal in which failure to allege and prove the principal place of business of a corporate party has caused the record to be insufficient to establish the existence of alleged diversity jurisdiction. Yet, absent federal jurisdiction, no judgment of a federal court can stand. It is the continuing responsibility of trial counsel and trial courts to see that all essential jurisdictional facts are alleged and adequately established in the record."

Jurisdictional facts have not been averred in this case.

## ORDER

And now, this 29th day of June, 1965, it is ordered that the complaint in this case will be dismissed unless within thirty days plaintiff amends her complaint to allege appropriately jurisdiction in this court.