**James Richard KANE, Appellant,**

v.

**The FORD MOTOR COMPANY.**

**No. 19425.**

United States Court of Appeals, Third Circuit.

Submitted Oct. 18, 1971.

Decided Nov. 11, 1971.

---

* Honorable J. Warren Madden, Senior Judge of the United States Court of Claims, sitting by designation.

Murray C. Goldman, Philadelphia, Pa., for appellant.

Theodore W. Flowers, White & Williams, Philadelphia, Pa., for appellee.

Before KALODNER, ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This appeal raises the issue whether the trial judge erred in refusing to admit into evidence a service letter distributed by the Ford Motor Company to its dealers indicating a possible defect in the construction of certain vehicles. Here, the driver of a 1963 Ford Econoline appeals from an adverse jury verdict in his products liability action.

It was appellant's contention at trial that while he was driving home after work, after spending several hours in a roadside tavern, his vehicle veered out of control and struck a guard railing, causing him to sustain serious injuries. At trial, he advanced the theory that the right front brake hose was installed with a "reverse twist" at the time of manufacture, and that this improper installation caused the brake hose to become abraded and to blow out, causing his vehicle to swerve into the railing.

He offered to introduce into evidence a service letter sent by Ford to its dealers, approximately two years prior to the accident, warning that in certain Econolines "some front brake wheel supports * * * may have been bent out of proper position." The trial judge ruled the service letter inadmissible.

The trial court has great discretion in determining the admissibility of evidence, which will not be disturbed on appeal absent a finding of abuse. Control Data Corp. v. International Business Machines Corp., 421 F.2d 323 (8th Cir. 1970).

We find that the trial court did not abuse its discretion. Indeed, the letter was irrelevant to appellant's theory of the case. Appellant contended that an improperly installed brake hose caused the accident. The service letter, however, spoke of the possible improper installation of front brake wheel supports. Although appellant urged that the improperly installed front brake wheel support rubbed against the brake hose causing it to become abraded and eventually blow, he presented no testimony that the condition described in the service letter existed on the subject vehicle. Clearly,

brake hose abrasion can result from causes other than friction from the brake wheel support.

The judgment of the district court will be affirmed.[1]

---

1. In any event, we perceive a jurisdictional problem in the complaint. It is proper for this court to inquire into the jurisdictional prerequisites *sua sponte*. Shahmoon Industries, Inc. v. Imperato, 338 F.2d 449 (3d Cir. 1964) ; F.R.C.P. 12(h) (3). Title 28 U.S.C. § 1332(a) provides that district courts shall have original jurisdiction in diversity actions. Section 1332(c) provides that a corporation shall be deemed to be a citizen of the state in which it is incorporated and in which it has its principal place of business. The court has not read this jurisdictional prerequisite in the disjunctive, but rather, has required complaints to include allegations of both the place of incorporation and the principal place of business of the corporate parties. Guerrino v. Ohio Casualty Insurance Co., 423 F.2d 419 (3d Cir. 1970). The complaint here lacks any allegation as to where appellee maintains its principal place of business.