Charles H. ELLIOTT

v.

W. Spencer BLOOR.

Civ. A. No. 76–36.

United States District Court,
E. D. Pennsylvania.

Dec. 30, 1976.

Charles H. Elliott, pro se.

Andrew L. Braunfeld, Norristown, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Plaintiff brings this action against his former supervisor seeking to redress an alleged deprivation of his property right to continued employment without due process of law, in violation of the Fourteenth Amendment. Presently before the Court is defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Specifically, defendant contends that plaintiff's dismissal from employment did not constitute state action and, hence, is not subject to judicial scrutiny under the Fourteenth Amendment. Also before the Court is plaintiff's motion to amend the complaint and to add Leeds and Northrup Company, Incorporated ("Leeds"), his former employer, as a party defendant.

On March 29, 1969, plaintiff was hired by Leeds as an engineering computer programmer. Plaintiff remained with Leeds until June 23, 1972, when he was informed by his supervisor, defendant Bloor, that his employment with Leeds was terminated and that he would be arrested for trespass if he attempted to reenter Leeds' premises. The next day, plaintiff returned and made an attempt to enter through Leeds' Technical Center gate. He was prohibited from doing so by a security guard, who had been previously instructed not to permit plaintiff to enter the premises.

On January 7, 1976, plaintiff filed a *pro se* complaint which alleged that, as a result of his dismissal from employment at Leeds, he was deprived of a property right in violation of the Fourteenth Amendment's guarantee of procedural due process of law. It further alleged that defendant's threat to have plaintiff arrested for trespass, and defendant's order to the security guard, who was licensed by the Commonwealth of Pennsylvania, not to permit plaintiff to enter the premises, constituted "state action" within the purview of the Fourteenth Amendment. Defendant filed his answer on March 11, 1976, and, on April 26, 1976, he filed a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.[1] On June 18, 1976, plain-

---

1. Defendant actually filed a motion for judgment on the pleadings, pursuant to Fed.R. Civ.P. 12(c), rather than a 12(b)(6) motion to dismiss. In light of Rule 12(h)(2), which permits the defense of failure to state a claim upon which relief can be granted to be raised in a

tiff filed a motion to amend the complaint and to add Leeds as a party defendant. On September 16, 1976, plaintiff filed a motion to withdraw his June 18 motion[2] and a second motion to amend the complaint and to add Leeds as a party defendant. The proposed amended complaint alleges that, as a result of his dismissal from employment, plaintiff was deprived by Bloor and Leeds of both a property right and liberty interest,[3] in violation of the Fourteenth Amendment. It further alleges, in proposed paragraph 8.2, as follows:

> In terminating Plaintiff's employment, Defendants [Bloor and Leeds] acted in contravention of Pennsylvania common law, which permits an employee with an employment contract for an indefinite term to seek modification of that contract without limitation; the Agreement between Leeds and Northrup Company, Inc., and the Professional Engineers and Scientists Association (PESA), which provides for employee grievances; and, the Free Speech Clause of the First Amendment to the United States Constitution.

It also restates the above-mentioned state action allegations.[4]

 Before we begin our discussion of the issues raised by the motion to dismiss and the motion to amend, it should be noted that, in a civil rights case such as this, a plaintiff is required to plead facts with specificity in order to withstand a motion to dismiss. *See Rotolo v. Borough of Charleroi*, 532 F.2d 920, 922 (3d Cir. 1976); *Kauffman v. Moss*, 420 F.2d 1270, 1275–76 (3d Cir.), *cert. denied*, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970); *Negrich v. Hohn*, 379 F.2d 213, 215 (3d Cir. 1967). It is also true, however, that the allegations of a *pro se* complaint are not held to the same rigorous standards of pleading that are applied to those drafted by an attorney, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam), and that such a complaint should not be dismissed unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 521, 92 S.Ct. at 596, *quoting Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See Estelle v. Gamble*, —— U.S. ——, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). It is with awareness of the above precepts that we now address defendant's motion to dismiss and plaintiff's motion to amend.

### Motion to Dismiss

 In order to maintain an action under the Fourteenth Amendment against a nominally "private" party, the plaintiff is required to establish that the defendant's allegedly unconstitutional act or acts consti-

motion for judgment on the pleadings, defendant was procedurally correct in filing a 12(c) motion. However, 12(c) motions are primarily concerned with a determination of the substantive merits of the controversy, and should only be granted if no material issue of fact remains to be resolved. *See* 5 *Wright & Miller, Federal Practice and Procedure: Civil* §§ 1367–1369 (1969). Since, in his answer, defendant does not admit that he threatened to have plaintiff arrested for trespass, or that he ordered a state-licensed security guard not to permit plaintiff to enter the premises, material issues of fact remain to be resolved. It would be inappropriate, therefore, for this Court to enter a judgment in defendant's favor. Accordingly, we will treat the motion as a 12(b)(6) motion to dismiss, and apply the standards and grant the relief appropriate under that rule.

2. Since defendant does not object to plaintiff's motion to withdraw the first motion to amend the complaint and to add Leeds as a party defendant, that motion to withdraw will be granted.

3. Plaintiff alleges that he was deprived of a liberty interest because the taint on his professional reputation resulting from his termination has prevented him from regaining employment as an engineering computer programmer.

4. Inexplicably, plaintiff omitted from his proposed amended complaint the allegation that the security guard who would not permit him to enter the premises was licensed by the Commonwealth of Pennsylvania. Since plaintiff filed all of his complaints *pro se,* the Court believes that such an omission was merely an oversight on plaintiff's part. Accordingly, in our examination of the proposed amended complaint, we will treat it as if plaintiff had included the allegation that the security guard was licensed by the Commonwealth.

tuted "state action." [5] This state action requirement may be satisfied if either of two conditions is met. First, state action may be found where "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974). *See Moose Lodge No. 107 v. Irvis,* 407 U.S. 163, 176, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972); *Hollenbaugh v. Carnegie Free Library,* 545 F.2d 382, 383 (3d Cir. 1976); *Broderick v. Associated Hospital Service,* 536 F.2d 1, 4 (3d Cir. 1976). Second, state action is present where the state and the defendant have entered into a symbiotic relationship, in which the state has "so far insinuated itself into a position of interdependence with [the defendant] that it must be recognized as a joint participant in the challenged activity. . . ." *Burton v. Wilmington Parking Authority,* 365 U.S. 715, 725, 81 S.Ct. 856, 862, 6 L.Ed.2d 45 (1961). *See Jackson v. Metropolitan Edison Co., supra,* 419 U.S. at 357–358, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974). *Moose Lodge No. 107 v. Irvis, supra,* 407 U.S. at 175, 92 S.Ct. 1965; *Hollenbaugh v. Carnegie Free Library, supra,* 545 F.2d at 383, 385; *Broderick v. Associated Hospital Service, supra,* 536 F.2d at 4 n. 15.

An examination of the original complaint reveals no allegations that the Commonwealth of Pennsylvania in any way fostered or encouraged, *via* regulation or otherwise, the termination of plaintiff's employment by defendant. The question that remains, therefore, is whether there exists a symbiotic relationship between defendant and the Commonwealth of Pennsylvania. Plaintiff relies on the allegation that the security guard who barred him from reentering the premises was licensed by the Commonwealth of Pennsylvania. That fact alone is patently insufficient to support a finding of state action under the symbiotic relationship test.[6] Accordingly, defendant's motion to dismiss the original complaint will be granted.

### Motion to Amend

"[I]t is clear that the Court need not grant a motion to amend if the complaint, as amended, could not withstand a motion to dismiss." *Bernstein v. National Liberty International Corp.,* 407 F.Supp. 709, 715 (E.D.Pa.1976). Since, for the reasons stated below, we do not believe that the proposed amended complaint could withstand a motion to dismiss, the motion to amend the complaint and to add Leeds as a party defendant will be denied.

With respect to that portion of the proposed amended complaint which alleges that plaintiff was deprived of both a property right and a liberty interest, in violation of the Fourteenth Amendment, and his right to free speech, in violation of the First Amendment, it is clear that, for the reasons already discussed, those allegations would have to be dismissed for failure to establish the requisite state action.[7] Furthermore, even if we allowed plaintiff to add Leeds as a party defendant, the alleged constitutional violations would still have to be dismissed for lack of state action. Accordingly, the motion to amend the

---

5. Section 1 of the Fourteenth Amendment provides in part:

 No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

6. The fact that defendant Bloor threatened to have plaintiff arrested for trespass does not support, and is indeed irrelevant to, a determination of whether state action exists in this case. A private party is simply not constitutionally answerable, under the Fourteenth Amendment, to a person whom he threatens to have arrested for trespass. *See Hudgens v. NLRB,* 424 U.S. 507, 512–521, 96 S.Ct. 1029, 47 L.Ed.2d 196 (1976).

7. We note that rights protected by the First Amendment, like those protected by the Fourteenth Amendment, are "guarantee[d] only against abridgement by government, federal or state." *Hudgens v. NLRB,* 424 U.S. 507, 513, 96 S.Ct. 1029, 1033, 47 L.Ed.2d 196 (1976).

complaint to restate the "property cause of action" and to add the "liberty and free speech causes of action," and the motion to add Leeds as a party defendant with respect to those causes of action, will be denied with prejudice.

 There are two remaining allegations in the proposed amended complaint which must be considered. First, as previously quoted, it alleges that, "[i]n terminating [his] employment, Defendants acted in contravention of . . . the Agreement between Leeds and Northrup Company, Inc., and the Professional Engineers and Scientists Association (PESA), which provides for employee grievances . . . .." We assume that, by the above allegation, plaintiff is contending that he was discharged from employment by Bloor and Leeds in violation of a collective bargaining agreement.[8] Second, also as previously quoted, plaintiff alleges that, "[i]n terminating [his] employment, Defendants acted in contravention of Pennsylvania common law, which permits an employee with an employment contract for an indefinite term to seek modification of that contract without limitation . . . ." Without attempting, at this time, to characterize exactly what cause of action plaintiff is attempting to articulate, it is at least clear that it is a *state* cause of action, presumably based upon Pennsylvania law.

Since plaintiff mentions no jurisdictional bases in support of the above allegations, and since "[f]ederal jurisdiction must be pleaded according to the nature of the case," *Rotolo v. Borough of Charleroi, supra,* 532 F.2d at 922, they could not withstand a motion to dismiss for lack of subject matter jurisdiction. *See* Fed.R.Civ.P. 12(b)(1) and 12(h)(3). We will not allow the motion to amend the complaint to add such jurisdictionally defective allegations, or to add Leeds as a party defendant with respect to those allegations. However, since we believe that federal jurisdiction may nonetheless exist under § 301 of the Labor Management Relations Act (Taft Hartley Act), 29 U.S.C. § 185, and under the doctrine of pendent jurisdiction, the denial of plaintiff's motion to amend the complaint and to add Leeds as a party defendant, as concerns the above allegations, will be without prejudice, so as to afford plaintiff the opportunity to file an amended complaint.

An appropriate Order will be entered.

---

8. A copy of the collective bargaining agreement between Leeds and the Professional Engineers & Scientists Association was attached, as exhibit F, to plaintiff's pretrial memorandum filed on April 23, 1976.