**WEBSTER DICTIONARY COMPANY, INC. and the John Hoskins Sales Agency Limited, Plaintiffs,**

v.

**WILLIAM COLLINS PLUS WORLD PUBLISHING CO., INC., Defendant.**

Civ. No. 76–169.

United States District Court,
W. D. New York.

Sept. 6, 1977.

Stephen M. Darlington, Ziegler, Metzger, Miller & Hoppe, Cleveland, Ohio, Phillip A. Thielman, Thielman & Lalime, Buffalo, N. Y., for plaintiffs.

Donald G. McGrath, McGrath, Meyer, Lieberman & Lipp, P.C., Buffalo, N. Y., for defendant.

MEMORANDUM and ORDER

ELFVIN, District Judge.

Plaintiffs allege three causes of action arising from a breach of a contract entered into between plaintiffs and defendant ("William Collins Plus") for an advertising campaign to sell a book published by defendant. Diversity of citizenship jurisdiction is alleged pursuant to 28 U.S.C. § 1332 with an amount in controversy over $10,000. Webster Dictionary Company, Inc. ("Webster") is alleged to be a New York corporation and the John Hoskins Sales Agency Limited ("Hoskins") is alleged to be

an affiliated Ontario corporation.[1] It is alleged in the complaint that William Collins Plus is a foreign corporation doing business in New York with its principal "office" in Ohio.

Defendant moves pursuant to Fed.R. Civ.P. rule 12(b)(2) for dismissal for lack of subject matter jurisdiction—i. e., the lack of diversity of citizenship—on the grounds that defendant was a New York corporation at the time this action was commenced. As proof defendant attaches to the affidavit of its attorney submitted in support of this motion a copy of a certificate of the Secretary of State of New York. The copy of the certificate indicates that the State of New York's index of corporations shows that a William Collins—World Publishing Co., Inc. ("William Collins Minus") was incorporated in New York January 2, 1974. In addition, it shows that William Collins Minus merged April 30, 1976 with a Delaware corporation, William Collins + World Publishing Co., Inc., and that only this Delaware corporation survived the merger.

Defendant contends that, although the complaint names William Collins Plus, a Delaware corporation, as defendant, plaintiffs are suing William Collins Minus, a New York corporation. Plaintiffs contend that such is an improper and unwarranted interpretation of their complaint.

Certain unusual facts demonstrate the reasons for the argument. This action was filed April 14, 1976 when there were two corporations with the same name except for the incorporated mathematical symbol. There was the New York corporation, William Collins Minus, and the Delaware corporation, William Collins Plus. Defendant alleges that William Collins Minus was the operating corporation and that William Collins Plus was only a shell corporation created for the purpose of preserving the corporate name in Delaware. Defendant contends that it was not the wish of the incorporators, who were the same for both corporations, that there be any difference between the names of the two corporations. The New York corporation was initially incorporated January 3, 1974 as William Collins Publishers, Inc. and the corporate name was to be amended January 29, 1974 to read William Collins + World Publishing Co., Inc. However, it is alleged that legal counsel who was to file the amendment inadvertently used the "hyphen" (or minus sign) rather than a "plus". The result was that the New York corporation name became William Collins—World Publishing Co., Inc. Defendant alleges that this error was not discovered by the officers of William Collins Minus, who are the same officers of William Collins Plus, until November 20, 1975 when the agreement to merge the two corporations was signed. Even though the business of William Collins Minus has been conducted using a plus instead of a hyphen or minus sign and all its stationery, invoices and statements used the same name, no attempt was made to correct the alleged incorrect name as indexed by the Secretary of State of New York or to notify its customers or merchants of the error. Inasmuch as the merger was imminent, no need for such corrective measures was seen by the officers of William Collins Minus.

Although it is the source of any possible misidentification of the proper defendant (initially by the error of its agent and later by its inaction), defendant now bases its motion for dismissal on the above facts. I decline to so hold.

 Firstly, I find that there is no jurisdictional question to be decided. William Collins Plus is a Delaware corporation whose citizenship appears to be diverse to that of the plaintiffs. Service was made upon John L. Rikhoff, president of that corporation. Whether or not plaintiffs had a cause of action against William Collins

---

1. These allegations are insufficient for the purposes of subject matter jurisdiction pursuant to § 1332. Plaintiffs do not allege their *principal places of business*, a necessary element in determining diversity between corporations under § 1332(c)(1). Inasmuch as I am empowered pursuant to Fed.R.Civ.P. rule 12(h)(3) to dismiss an action whenever it appears that this Court lacks jurisdiction, I will dismiss this complaint unless it is amended to state affirmatively sufficient facts upon which such jurisdiction can be determined.

Plus on April 14, 1976 is not a jurisdictional question. Jurisdiction of federal courts in diversity of citizenship cases is based upon the existence of a "controversy" and not upon the eventual resolution of the case. 28 U.S.C. § 1332. Defendant's argument that, because plaintiffs cannot have a cause of action against William Collins Plus, they must be suing William Collins Minus does not transform a question of cause of action into a jurisdictional one.

Secondly, the merger subsequent to the filing of the complaint but prior to the service on May 3, 1976 would defeat a motion by William Collins Plus for summary judgment pursuant to Fed.R.Civ.P. rule 56 for failure to state a cause of action. According to the sparse case law available, upon the merger of the two corporations, William Collins Minus ceased to exist and William Collins Plus remaining as the successor in interest became subject to suit on claims against William Collins Minus. The citizenship at that time of the surviving corporation is controlling. *Hoefferle Truck Sales v. Divco-Wayne*, 523 F.2d 543 (7th Cir. 1975); *Akwell v. Eiger*, 141 F.Supp. 19 (S.D. N.Y.1956). Therefore, defendant's argument that the suit was brought against the Delaware corporation instead of the New York one in order to create diversity artificially is unpersuasive, especially in the absence of any allegation that plaintiffs knew of the error in naming William Collins Minus. Certainly, if plaintiffs had waited until May 1, 1976 to file their complaint there would be no question of diversity jurisdiction. There was no need to create diversity sixteen days earlier.

It is therefore hereby

ORDERED that defendant's motion to dismiss is denied; and it is further

ORDERED that, upon my own motion and finding that the complaint fails to allege jurisdictional facts as required under Fed.R.Civ.P. rule 8(a)(1), plaintiff's complaint is dismissed unless an amended complaint is filed within 30 days of the filing of this order setting forth the principal places of business of all parties.