Arthur I. TRAGER, as Administrator c. t. a. of the Estate of Gloria Laura Schimberg, Deceased, Plaintiff,

v.

NEW ROCHELLE HOSPITAL MEDICAL CENTER, Dr. John J. Zellinger and Dr. Serge A. Giraldi, Defendants.

No. 77 Civ. 1699 (MP).

United States District Court, S. D. New York.

June 23, 1978.

Trubin, Sillcocks, Edelman & Knapp, New York City, for plaintiff by Howard M. Goldstein, Deborah A. Schwartz, New York City.

Martin, Clearwater & Bell, New York City, for moving defendants by Francis P. Bensel, New York City.

## DECISION

POLLACK, District Judge.

Defendants, New Rochelle Hospital Medical Center and Dr. John J. Zellinger, citizens of New York, move to dismiss this attempted diversity action, pursuant to Fed.R.Civ.P. 12(b)(1), for lack of a genuine basis for invoking federal diversity jurisdiction in the premises.

The plaintiff, Arthur Trager is one of the brothers of the decedent, Gloria Schimberg. He resides in Florida and operates a business there as a fishing boat captain. He was named in Westchester County as administrator c. t. a. under his sister's will after the designated representatives renounced and he then brought this suit charging defendants with alleged medical malpractice resulting in her wrongful death.

The moving parties contend that the plaintiff's litigating status is thoroughly unnatural and was contrived for the purpose of manufacturing diversity of citizenship and thus entry into federal court contrary to 28 U.S.C. § 1359 in what plainly is a suit to be litigated, if at all, in the Courts of the State of New York.

There is no doubt in the Court's mind that this suit ought not be maintained under our federal diversity jurisdiction privileges. 28 U.S.C. § 1332. The circumstances are as follows.

The decedent, Gloria Schimberg, died a resident of Westchester County in New York on March 7, 1976. She was survived in her immediate family by her husband David Schimberg, to whom she had been married for 26 years, by their son Michael and their daughter Lisa Ann.

The Schimbergs, New York residents, owned and lived in a home in New Rochelle. David Schimberg is a businessman and operates the Dejay Camera Store in Mount Vernon, New York, in partnership with his brother. Michael Schimberg, now of adult age, is a dental student at New York University Dental School. Lisa Ann is still a minor.

In addition to this immediate family, the decedent is survived by two brothers, David Trager of New York and Arthur Trager of Florida.

Gloria Trager died testate. Her last will and testament was witnessed by two residents of Hartsdale, New York and dated February 5, 1965. The will names as her sole executor her husband David Schimberg, and as an alternate executor she named her brother, David Trager, neither representative to be required to furnish bond. Arthur Trager is not mentioned in the will in any way. The will provides that the entire estate is left to her husband, David Schimberg, after the payment of debts and funeral expenses.

The will was filed in the Surrogate's Court, Westchester County on May 12, 1976, two months after the death of the testatrix. The designation sheet estimates the value of the estate at $10,000. There was no suggestion of the existence of further or contingent assets or the prospect of a malpractice lawsuit in the offing.

The husband, David Schimberg, and decedent's brother, David Trager, executed and filed renunciations of their designations as executor and alternate executor respectively and Michael Trager filed a waiver of notice and consent to probate. Each, however, suggested in their papers that Arthur Trager be named administrator, c. t. a., without requirement of bond. Arthur Trager filed an affidavit stating that the decedent had no siblings other than himself and David Trager.

None of the papers submitted to the Surrogate mentioned a purpose to bring a malpractice suit, or to set up a seeming diversity of citizenship situation for a federal suit, or gave any expressed motive for the renunciations or the selection of a Florida representative of what appeared a minimal local estate to administer which Arthur would have to retain local New York counsel.

The petition to name Arthur Trager as administrator c. t. a. was granted and the will was admitted to probate on July 7, 1976. Arthur Trager then employed a New York lawyer and this lawsuit was filed on April 8, 1977 grounded on alleged diversity of citizenship of the parties and the existence of the requisite amount in controversy.

The papers in opposition to the pending motion attempt explanations for plaintiff's appointment as administrator c. t. a. and denials that it was for the purpose of manufacturing federal jurisdiction.

David Schimberg's papers state that he renounced his executorship and asked his wife's two brothers to administer her estate because he found it "emotionally impossible at that time to consider dealing with the burdens of [his wife's] estate. . . ." This bland assertion fails to specify any burdens whatsoever that this small estate could possibly pose or that would be referable by the estate's attorney to the executor for weighty or emotional consideration. No affidavit or other evidence was proferred by the attorney who probated the will to indicate any conceivable support for the lame explanation for this renunciation.

The alternate executor, David Trager is a federally appointed officer, United States Attorney for the Eastern District of New York. Wholly apart from the fact that the Federal Code of Judicial Ethics excepts judicial officers from the usual ban on acting in a fiduciary capacity in trusts and estates where a family situation is involved, it might well be that such a judicial officer might appropriately refrain from an ap-

pointment that would bring him to court as a malpractice suit plaintiff.

Mr. Trager puts it on yet another ground. His affidavit states that he renounced his appointment as substitute executor because he foresaw that his appointment might create a conflict of interest if he were called on in his capacity as United States Attorney to investigate judicial officers of the State of New York before whom the instant suit might have been brought. This suggestion unfortunately could be thought to carry the inference that the use of the Florida relative was consequently hit upon to keep the case out of the state courts and avoid the perceived possible conflict of interest. At least, the affidavit reveals what was not disclosed in the papers filed in the Surrogate's Court: that the family was contemplating this litigation when the named executors renounced their appointments and Arthur Trager was proferred as administrator.

■ Plaintiff also submits that his nephew Michael Schimberg was not chosen to administer his mother's estate because his studies at dental school require his full-time attention. Thus, under these circumstances, plaintiff contends that the decision that he should administer the estate was a natural one and not one made for the purpose of manufacturing diversity of citizenship.[1]

■ In general, for purposes of diversity jurisdiction the citizenship of the fiduciary and not of the beneficiary controls. 13 C. Wright, A. Miller & F. Cooper, Federal Practice and Procedure § 3606 at 631–32 (1975). Section 1359 of Title 28 of the United States Code provides, however, that the district court shall not have jurisdiction when a party is improperly or collusively joined to invoke the Court's jurisdiction. 28 U.S.C. § 1359. In *O'Brien v. Avco Corp.,* 425 F.2d 1030 (2d Cir. 1969), the Court of Appeals for the Second Circuit, overturning

earlier authority, *see Lang v. Elm City Construction Co.,* 324 F.2d 235 (2d Cir. 1963), held that an administrator is not a proper party within the meaning of § 1359 when he is appointed for the purpose of obtaining federal jurisdiction. In so holding, the Court noted that the appointment of an administrator whose sole function is to collect the proceeds of a lawsuit is more akin to an assignment for purposes of collection than to an "actual transfer." 425 F.2d at 1034. An assignment or conveyance solely for the purpose of collection is insufficient to establish federal diversity jurisdiction. *See Kramer v. Caribbean Mills, Inc.,* 394 U.S. 823, 825–29, 89 S.Ct. 1487, 23 L.Ed.2d 9 (1969); *Lehigh Mining & Manufacturing Co. v. Kelly,* 160 U.S. 327, 16 S.Ct. 307, 40 L.Ed. 444 (1895).

■ There is a presumption against diversity jurisdiction, and when defendants raise the issue, the burden rests on the plaintiff to prove proper invocation of this Court's jurisdiction. *See McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 188–89, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Ferrara v. Philadelphia Laboratories, Inc.,* 272 F.Supp. 1000, 1008 (D.Vt.1967), *aff'd on the opinion below,* 393 F.2d 934 (2d Cir. 1968). Whether the emotionally distraught condition of a named representative justifies his renunciation in favor of an out-of-state appointee and serves to rebut the presumption against diversity and to establish the good faith of the appointment must be considered in the light of all the circumstances of the case and of the duties of the administrator under those circumstances. *See Bishop v. Hendricks,* 495 F.2d 289, 293–95 (4th Cir.), *cert. denied,* 419 U.S. 1056, 95 S.Ct. 639, 42 L.Ed.2d 653 (1974); *Lawson v. Morgan,* 352 F.Supp. 282, 284–86 (E.D.Pa. 1973); *Renner v. Vitcov,* 339 F.Supp. 1020 (E.D.Pa.1972).

The appointment of the plaintiff in the instant action as administrator c. t. a. came

---

1. Neither party has requested an evidentiary hearing. In deciding an issue of jurisdiction, the trial court has discretion as to the manner of making factual determination so long as the parties are afforded a full and fair opportunity to be heard. *Tanzymore v. Bethlehem Steel Corp.,* 457 F.2d 1320, 1323–24 (3d Cir. 1972). The parties herein have been afforded such an opportunity and have submitted affidavits and testimony taken at depositions. Moreover, oral testimony merely reciting the allegations made in the affidavits would not add significantly.

about through a controlled selection of that representative by the named executor, who decided to forego his appointment in order to create diversity of citizenship. David Schimberg should in the natural course have been appointed as representative because he is the named executor and because he and the issue of the marriage, and not Arthur Trager, stand to benefit from any recovery. *See* N.Y. Estates Powers and Trusts Law §§ 4–1.1(a), 5–4.4. The decedent chose her husband to be her executor with full knowledge of Arthur Trager's availability.

 Under the circumstances of this case, David Schimberg's claim that he was too emotionally upset to administer his wife's estate fails to rebut the presumption against diversity jurisdiction or to discharge his burden of persuasion. Emotional upset is not a sufficient justification for renouncing a largely nominal executorship, for purposes of 28 U.S.C. § 1359. *Bishop v. Hendricks*, 495 F.2d 289, 293 & n.18 (4th Cir.), *cert. denied*, 419 U.S. 1056, 95 S.Ct. 639, 42 L.Ed.2d 653 (1974); *Lawson v. Morgan*, 352 F.Supp. 282, 285 (E.D.Pa.1973) (dictum); *Renner v. Vitcov*, 339 F.Supp. 1020, 1022 (E.D.Pa.1972). Since decedent left her entire estate after the payment of debts and funeral expenses to David Schimberg, he would not have been encumbered by any substantial task of distributing the assets of the estate. Management of the wrongful death action would be, and in fact has been, left to counsel.

The contrived character of the appointment of Arthur Trager as administrator is revealed by Arthur Trager's admission at his examination before trial that retained counsel has handled the administration of the estate and that he does not know what counsel has done. Since the prosecution of the wrongful death action is the only substantial function to be performed by the administrator of this estate, it cannot be said that the prosecution of the instant action is incidental to the fiduciary duties of the administrator.

The transparent attempt to create diversity jurisdiction seems especially improper where, as here, the suit is wholly local in character. The malpractice occurred, if at all, in New York and those who stand to benefit or suffer from a successful prosecution of this action are all New York residents. In the present atmosphere favoring limitation of diversity jurisdiction, *see* N.Y. L.J., April 21, 1978, at 1, col. 3, so as to relieve the federal system of part of its caseload, it would seem inappropriate to indulge the selection of federal jurisdiction by the appointment of an out-of-state relative in place of the natural plaintiff, the resident husband.

Accordingly, the motion to dismiss the complaint for lack of subject matter jurisdiction is granted.

SO ORDERED.