William R. HOLMAN

v.

CARPENTER TECHNOLOGY CORP.

Civ. A. No. 79–2623.

United States District Court,
E. D. Pennsylvania.

Jan. 24, 1980.

Mitchell A. Kaye, Philadelphia, Pa., for plaintiff.

Paul A. Bechtle, Jr., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

During the late afternoon hours of August 4, 1977, plaintiff, an employee of an iron and steel construction firm, was erecting storage racks on defendant's premises for sheet metal pans designed to hold rolled steel. These bins, which defendant's employees allegedly placed there negligently, somehow caused plaintiff to fall twenty to twenty-five feet and to suffer numerous bodily injuries. Plaintiff then instituted this action to recover damages therefor. Defendant, a Delaware corporation, now moves to dismiss for lack of subject matter jurisdiction and contends that its principal place of business is in Pennsylvania and that complete diversity does not exist between defendant and plaintiff, a Pennsylvania citizen.

Preliminarily, plaintiff's jurisdictional allegations are fatally insufficient. Plaintiff alleges that he is a Pennsylvania citizen and that defendant is a corporation incorporated in Delaware with "a place of business" in Pennsylvania. Nowhere, however, does plaintiff divulge the location of defendant's *principal* place of business. In a diversity action an allegation specifying where defendant maintains its principal place of business is a jurisdictional prerequisite, *Carolina Casualty Insurance Co. v. Insurance Co. of North America*, 595 F.2d 128, 130 n. 1 (3d Cir. 1979), *Guerrino v. Ohio Casualty Insurance Co.*, 423 F.2d 419, 421 (3d Cir. 1970), *Webster Dictionary Co. v. William Collins Plus World Publishing Co.*,

436 F.Supp. 927, 928 n. 1 (W.D.N.Y.1977), *Fawvor v. Texaco, Inc.*, 387 F.Supp. 626, 628 (E.D.Tex.1975), *remanded on other grounds*, 546 F.2d 636 (5th Cir. 1977), *Duncan v. Official Detective Stores, Inc.*, 243 F.Supp. 244, 245 (E.D.Pa.1965), *Paramount Packaging Corp. v. H. B. Fuller Co. of New Jersey*, 190 F.Supp. 178, 179 (E.D.Pa.1960), for when a corporation has been incorporated in a state other than the one in which it has its principal place of business it has dual citizenship for diversity purposes. *Dining Car Employees Local No. 385 v. Chicago, M. St. P. & P. Railroad*, 323 F.2d 224, 226 (7th Cir. 1963), *U–Profit, Inc. v. Bromley, Ltd.*, 330 F.Supp. 609, 610 (E.D.Wis.1971). *See also* 28 U.S.C. § 1332(c) and Sen.Rep.No. 1830, 85th Cong., 2d Sess., 1958 U.S.Code Cong. & Admin.News, pp. 3099–3102. Therefore, plaintiff must allege not only where the corporation is incorporated but also where its *principal*, not *a*, place of business is located. *Moore v. Sylvania Electric Products, Inc.*, 454 F.2d 81, 84 n. 1 (3d Cir. 1972), *Kane v. Ford Motor Co.*, 450 F.2d 315, 317 n. 1 (3d Cir. 1971), *Wymard v. McCloskey & Co.*, 342 F.2d 495, 497 (3d Cir.), *cert. denied*, 382 U.S. 823, 86 S.Ct. 52, 15 L.Ed.2d 68 (1965). *See also Cameron v. Hodges*, 127 U.S. 322, 325 (1888) and *Piquignot v. Pennsylvania Railroad*, 57 U.S. (16 How.) 104, 105, 14 L.Ed. 863 (1834). In other words, plaintiff must affirmatively allege the essential elements of diversity jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936), *Robertson v. Cease*, 97 U.S. 646, 648, 24 L.Ed. 1057 (1878), *Morgan v. Gay*, 86 U.S. (19 Wall.) 81, 82–83, 22 L.Ed. 100 (1874), *Gates v. Osborne*, 76 U.S. (9 Wall.) 567, 575, 19 L.Ed. 748 (1869), *Brown v. Keene*, 33 U.S. (8 Pet.) 112, 115, 8 L.Ed. 885 (1834), *Hodgson v. Bowerbank*, 9 U.S. (5 Cranch) 303, 303, 3 L.Ed. 108 (1809), *Bingham v. Cabot*, 3 U.S. (3 Dall.) 382, 383–84, 1 L.Ed. 646 (1798). Diversity must be complete. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806). Where these facts do not appear on the face of the complaint, it is defective from a jurisdictional standpoint, *Aetna Insurance Co. of Hartford, Connecti-*

cut *v. Southern, Waldrip & Harvich,* 198 F.Supp. 505, 508 (N.D.Cal.1961), and plaintiff cannot cure the defect by attempting to set forth defendant's principal place of business in his brief. *Dorfman v. Chemical Bank*, 56 F.R.D. 363, 365 (S.D.N.Y.1972), for federal courts possess limited jurisdiction, conferred only as the Constitution and Congress direct, *County Court of Ulster County, New York v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979), *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978), *Aldinger v. Howard*, 427 U.S. 1, 15, 96 S.Ct. 2413, 2420, 49 L.Ed.2d 276 (1976), *see also* U.S.Const., Art. III, § 2, and properly pleading jurisdiction affects the very power of a federal court to adjudicate the alleged claim. *Palmore v. United States*, 411 U.S. 389, 401, 93 S.Ct. 1670, 1678, 36 L.Ed.2d 342 (1973), *Flast v. Cohen*, 392 U.S. 83, 91, 88 S.Ct. 1942, 1947, 20 L.Ed.2d 947 (1968), *McNutt v. General Motors Acceptance Corp.*, 298 U.S. at 189, 56 S.Ct. at 785, *Mansfield, Coldwater & Lake Michigan Railway v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884). *Gates v. Osborne*, 76 U.S. at 574–75, *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 515, 19 L.Ed. 264 (1868), *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 173–76, 2 L.Ed. 60 (1803). For example, in *McCurdy v. Greyhound Corp.*, 346 F.2d 224 (3d Cir. 1965), plaintiff, an administratrix suing to recover for the wrongful death of her decedent, alleged that she and decedent were Pennsylvania citizens and that defendant was a Delaware citizen with an office for business in Pennsylvania. The Court of Appeals held that the complaint was "patently insufficient" to establish jurisdiction under the general diversity statute. *Id.* at 225 n. 1.

■ Of course, where the interests of justice will be served, *Foman v. Davis*, 371 U.S. 178, 181–82, 83 S.Ct. 227, 229–30, 9 L.Ed.2d 222 (1962), *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 158, 85 S.Ct. 308, 314, 13 L.Ed.2d 199 (1964), and defendant will not be unfairly prejudiced,

*Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971), *United States v. Hougham*, 364 U.S. 310, 316, 81 S.Ct. 13, 17, 5 L.Ed.2d 8 (1960), courts usually allow plaintiffs to amend the complaint "freely", Fed.R.Civ.P. 15(a), 28 U.S.C. § 1653, for the "Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome" and advance instead the principle that the pleadings should facilitate, not obstruct, a proper disposition on the merits. *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). *See also Howard v. DeCordovo*, 177 U.S. 609, 614, 20 S.Ct. 817, 819, 44 L.Ed. 908 (1899). Nonetheless, the liberal spirit of the Federal Rules of Civil Procedure, allowing amendments does not require courts to indulge futile gestures. *Foman v. Davis*, 371 U.S. at 182, 83 S.Ct. at 230, *Dell v. Heard*, 532 F.2d 1330, 1334 (10th Cir. 1976), *DeLoach v. Woodley*, 405 F.2d 496, 496–97 (5th Cir. 1968), *Carolina Casualty Insurance Co. v. Insurance Co. v. North America*, 595 F.2d at 130 n. 1, *Pendleton v. Trans Union Systems Corp.*, 430 F.Supp. 95, 98 (E.D.Pa.1977), *Zichy v. City of Philadelphia*, 444 F.Supp. 344, 345 (E.D.Pa.1977), *Hall v. Pennsylvania State Police*, 433 F.Supp. 385, 388 (E.D.Pa.1976), *Elliott v. Bloor*, 425 F.Supp. 1140, 1144 (E.D.Pa.1976), *Bernstein v. National Liberty International Corp.*, 407 F.Supp. 709, 715 (E.D.Pa.1976). Plaintiff's additional failure to rebut defendant's efficacious contest of diversity jurisdiction falls squarely within this category.

■ Plaintiff, as the party who invoked diversity jurisdiction, has the burden of proving all facts upon which jurisdiction could be sustained. *Gibbs v. Buck*, 307 U.S. 66, 72, 59 S.Ct. 725, 729, 83 L.Ed. 1111 (1939), *Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1142–43 (3d Cir. 1972), *Butler v. Colfelt*, 439 F.2d 882, 884 (3d Cir. 1971), *Hoffman v. Lenyo*, 433 F.2d 657, 658 (3d Cir. 1970), *McSparran v. Wiest*, 402 F.2d 867, 875 (3d Cir. 1968), *cert. denied sub nom. Fritzinger v. Wiest*, 395 U.S. 903, 89 S.Ct. 1739, 23 L.Ed.2d 217 (1969), Fed.R.Civ.P. 8(a), for a presumption exists against diversity jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. at 188–89, 56 S.Ct. at 784–85, *Turner v. President, Directors and Co. of the Bank of North America*, 4 U.S. (4 Dall.) 7, 11 (1799), *Bradbury v. Dennis*, 310 F.2d 73, 74 (10th Cir. 1962), *cert. denied*, 372 U.S. 925, 83 S.Ct. 874, 9 L.Ed.2d 733 (1963), *Trager v. New Rochelle Hospital Medical Center*, 453 F.Supp. 516, 519 (S.D.N.Y.1978). If plaintiff does construct a prima facie showing of diversity, defendant must overcome or rebut this showing in order to dismiss the complaint. *Schinker v. Ruud Manufacturing Co.*, 386 F.Supp. 626, 629 (N.D.Iowa 1974). Support for defendant's position may be derived from affidavits, depositions and sworn documents filed by the parties from which the Court can examine and evaluate all relevant factors and surrounding circumstances, *Land v. Dollar*, 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 1010, 91 L.Ed. 1209 (1947), *Gibbs v. Buck*, 307 U.S. at 71–72, 59 S.Ct. at 728–729, *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278, 57 S.Ct. 197, 200, 81 L.Ed. 183 (1936), *McNutt v. General Motors Acceptance Corp.*, 298 U.S. at 184–90, 56 S.Ct. at 782–85, *Wetmore v. Rymer*, 169 U.S. 115, 120–21, 18 S.Ct. 293, 295, 42 L.Ed. 682 (1898), *Robertson v. Cease*, 97 U.S. at 648, *Bingham v. Cabot*, 3 U.S. (3 Dall.) 19, 38, 1 L.Ed. 491 (1795), *Local 336, American Federation of Musicians v. Bonatz*, 475 F.2d 433, 437–38 (3d Cir. 1973), *Groh v. Brooks*, 421 F.2d 589, 594–95 (3d Cir. 1970), *Tanzymore v. Bethlehem Steel Corp.*, 457 F.2d 1320, 1323 (3d Cir. 1972), but the exact method of determining the jurisdictional issue lies within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. at 182, 83 S.Ct. at 230, *Gibbs v. Buck*, 307 U.S. at 71–72, 59 S.Ct. at 728–729, *Tanzymore v. Bethlehem Steel Corp.*, 457 F.2d at 1323.

To accomplish this purpose in the case at bar, defendant relied on the affidavit and deposition testimony of a corporate officer whose employment spanned over twenty-six years in various capacities and whose present primary responsibilities included "day to day cash management and involve-

ment with liability casualty insurance". The officer, now secretary-treasurer of the corporation, stated under oath that defendant operates a specialty metals business, which melts steel and sells it to third parties who "fabricate" it. Defendant's steel division, which has plants in Reading, Pennsylvania, and Bridgeport, Connecticut, accounts for over eighty-five percent of total sales and even more of total earnings. Dollars billed out of Reading are three times greater than of Bridgeport. A tube division headquartered in New Jersey and a special products division located in California comprise the balance of defendant's operations. All corporate officers and executives are in Reading, including the superintendent of the Reading and Bridgeport facilities. Moreover, thirty-three hundred of defendant's five thousand employees work in Pennsylvania. Defendant conducts shareholder meetings and keeps four of five corporate bank accounts in Pennsylvania.

 Determination of a corporation's principal place of business for diversity purposes depends on several factors, but where the center of corporate activities, rather than "occasional meetings of policy making Directors", exists and to a lesser extent where corporate physical plants, tangible assets and employees are located merit greatest weight. *Kelly v. United States Steel Corp.*, 284 F.2d 850, 854 (3d Cir. 1960). Otherwise stated, the principal place of business exists where the corporation "actually functions as the nerve center of the enterprise radiating direction and control over the conduct of the corporate business as a whole", *Wear-Ever Aluminum, Inc. v. Sipos*, 184 F.Supp. 364, 365–66 (S.D.N.Y. 1960), *see also Celanese Corp. of America v. Vandalia Warehouse Corp.*, 424 F.2d 1176, 1178 (7th Cir. 1970), *National Spinning Co. v. City of Washington, North Carolina*, 312 F.Supp. 958, 961 (E.D.N.C.1970), *Uniroyal, Inc. v. Heller*, 65 F.R.D. 83, 86 (S.D.N.Y. 1974), or where the "center of gravity of the corporate function" exists. *Scot Typewriter Co. v. Underwood Corp.*, 170 F.Supp. 862, 864–65 (S.D.N.Y.1959). In light of the evidence produced by defendant, even assuming plaintiff's amended complaint

would allege that defendant is incorporated in a state other than Pennsylvania, defendant has successfully rebutted plaintiff's unembellished jurisdictional allegations under any of these tests. *Cf. Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp., supra* (where several corporate officers and staffs resided and transacted daily business of corporation in Pennsylvania, where dollar value of tangible property in Pennsylvania was two and one-half times greater than any other state where corporation existed and amount of income derived from that business was almost two and one-half times greater than anywhere else Pennsylvania was the principal place of business; *Wymard v. McClosky & Co., supra* (where complaint by corporate bankrupt's receivers contained no allegations of principal place of business of either corporate party and records suggested that principal place of business of the corporate defendants was Pennsylvania (where bankrupt was incorporated) and receivers did not supplement their proof to satisfy jurisdictional requirement of diversity, claimed diversity jurisdiction failed); *Kelly v. United States Steel Corp., supra* (where board of directors delegated to the corporation's operation policy committee the duty of conducting business relating to manufacturing, mining, transportation and general operation, and this committee made policy decisions and appointed officers and sat in and conducted its affairs in Pennsylvania and most administrative vice presidents and staff worked in Pennsylvania, the principal place of business was Pennsylvania).

Accordingly, defendant's production of evidence challenging diversity jurisdiction requires response from plaintiff in order to withstand a motion to dismiss for lack of subject matter jurisdiction. *Nelson v. Keefer*, 451 F.2d 289, 296–97 (3d Cir. 1971), *Groh v. Brooks*, 421 F.2d at 594–95, *McSparran v. Wiest*, 402 F.2d at 875. Plaintiff cannot simply rest on jurisdictional allegations in the complaint, even if the allegations are construed most favorably to plaintiff as the party resisting the motion, *Jenkins v. McKeithen*, 395 U.S. 411, 421–22, 89

S.Ct. 1843, 1848–1849, 23 L.Ed.2d 404 (1969). Rather, plaintiff must adduce some credible, competent proof to support his diversity averment. *KVOS, Inc. v. Associated Press*, 299 U.S. at 278, 57 S.Ct. at 200, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. at 189, 56 S.Ct. at 785, *Homs v. Jogan*, 204 F.Supp. 108, 109 (E.D.Pa. 1962), by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. at 189, 56 S.Ct. at 785, *Travis Mills Corp. v. Square D. Co.*, 67 F.R.D. 22, 25 (E.D.Pa.1975). Plaintiff has failed to meet any of these minimal requirements. Plaintiff had an opportunity to cross examine defendant's officer at the deposition and did so. He also could have filed affidavits opposing the motion to dismiss but did not. *Tanzymore v. Bethlehem Steel Corp.*, 457 F.2d at 1323. Accordingly, defendant's motion to dismiss the complaint for lack of subject matter jurisdiction will be granted.