**Lester BRAUCHER**

v.

**BUHLER BROTHERS ENGINEERING WORKS.**

Civ. A. No. 78-3016.

United States District Court,
E. D. Pennsylvania.

March 4, 1980.

Richard L. Orwig, Reading, Pa., for plaintiff.

William Koch, Norristown, Pa., Richard A. Bausher, Reading, Pa., for defendant.

MEMORANDUM AND ORDER

TROUTMAN, District Judge.

In early September 1976 an impact finisher which plaintiff operated in the course of his employment amputated four fingers on his right hand. To recover medical costs and lost earnings, plaintiff instituted this diversity action and alleged not only that defendant negligently engineered, designed, manufactured and sold this machine to plaintiff's employer but also that defendant failed to install or equip the machine with proper safety devices. Defendant, now moving to dismiss the complaint, contends that plaintiff has not properly invoked the jurisdiction of this Court.

In a diversity action plaintiff must affirmatively and distinctly set forth *in the complaint* allegations which establish the jurisdiction of the court. *Holman v. Carpenter Technology Corp.*, 484 F.Supp. 406 (E.D.Pa.1980), *Clinton Hudson & Sons v. Lehigh Valley Cooperative Farms, Inc.*, 73 F.R.D. 420 (E.D.Pa.1977), *aff'd*, 586 F.2d 834 (3d Cir. 1978). In alleging diversity of citizenship plaintiff must clearly aver not only the citizenship of plaintiff but also the defendant's state of incorporation and principal place of business, *Holman v. Carpenter Technology Corp., supra*, in order to negate any possibility that plaintiff and defendant are citizens of the same state. *Carroll v. General Medical Co.*, 53 F.R.D. 349 (D.Neb.1971), *Duncan v. Official Detective Stores, Inc.*, 243 F.Supp. 244 (E.D.Pa. 1965).

In ¶2 of plaintiff's complaint he alleges that defendant "is a foreign corporation with its principal place of business at Uzwil, Switzerland". In ¶1 plaintiff alleges that he himself is a citizen of the Commonwealth of Pennsylvania. Having eliminated the possibility that plaintiff and defendant are non-diverse, plaintiff has satisfied minimally his obligation under 28 U.S.C. § 1332 and Fed.R.Civ.P. 8(a).

Accordingly, defendant's motion to dismiss will be denied.