HEALTH GROUP MANAGEMENT COMPANY, etc., Plaintiff,

v.

WALKER COUNTY MEDICAL CENTER, INC., etc., Defendant.

Civ. A. No. 3:84–0724.

United States District Court, M.D. Tennessee, Nashville Division.

July 13, 1984.

---

Lin S. Howard, Harwell, Barr, Martin & Stegall, Nashville, Tenn., for plaintiff.

Robert T. Wilson, Wilson & King, Jasper, Ala., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, Senior District Judge.

■ The plaintiff undertook to invoke the jurisdiction of this Court as implicating the diverse citizenships of the parties and the matter in controversy. 28 U.S.C. §§ 1332(a)(1), (c). Its allegations are defective, in that it alleges that it has "a" principal place of business in a certain state and that the defendant has "its" principal place of business in another state. See 28 U.S.C. § 1332(c),[1] supra.

■ A corporation has one, and only one, principal place of business. *Woodbridge Plastics, Inc. v. Borden, Inc.*, 473 F.Supp. 218, 223[4] (D.C.N.Y.1979), aff'd. w/o op. 614 F.2d 1293 (table) (2d Cir.1979). Alleging the state where "a" place of business of a corporation is located is a fatally insufficient allegation of the state where "its principal place of business" is located. *Holman v. Carpenter Technology Corp.*, 484 F.Supp. 406, 408[4] (D.C.Pa.1980), citing inter alia *Wymard v. McCloskey & Co.*, 342 F.2d 495, 497[1–3] (3d Cir.1965), cert. den. 382 U.S. 823, 86 S.Ct. 52, 15 L.Ed.2d 68 (1965).

■ Defective allegations of jurisdiction may be amended on terms in this Court. 28 U.S.C. § 1653. Within 20 days herefrom, the plaintiff may amend such defec-

tive allegation[2] or suffer the dismissal of this action for lack of jurisdiction of the subject-matter. See Rule 12(h)(3), F.R. Civ.P.

---

1. "For the purpose of this [§ 1332] section * *, *a corporation shall be deemed a citizen of* any State by which it has been incorporated and of *the State where it has its principal place of business.* * * *" 28 U.S.C. § 1332(c), *supra.* [Emphases added here.]

2. It would be preferable also for the plaintiff to allege specifically that the matter-in-controversy herein exceeds, exclusive of interest and costs, the sum of $10,000, although such is apparent from the *ad damnum* prayer of the complaint. *See* 28 U.S.C. § 1332(a); Form 2(a), F.R.Civ.P., App. of Forms.